UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOUDINI'S MAGIC SHOP, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>MAGIC TRICKS, INC., a Virginia corporation; PETER MONTICUP, an individual; and JACQUELINE MONTICUP, an individual,<br><br>Defendants. | Case No. 02:03-CV-1263-BES-RJJ<br><br>**ORDER** |

On May 2, 2005, Magic Tricks, Inc., Peter Monticup, and Jacqueline Monticup ("Defendants") filed a Motion for Summary Judgment (#34). Plaintiff filed its Opposition (#36) on June 6, 2005 and Defendants filed their Reply to Plaintiff's Opposition on June 17, 2005 (#37). For the reasons set forth below, Defendants' Motion is denied.

## I. Background

Magic Tricks Inc. is a Virginia corporation and its employees are the owners, Peter and Jackie Monticup (Collectively "Defendants"). Defendants only business is selling magic related items over the Internet at www.magictricks.com. Besides offering magic tricks for sale, Defendants' web page offers biographical information about famous magicians, including Harry Houdini.

Houdini's Magic Shop ("Plaintiff") owns and operates retail magic stores located in Las Vegas, Nevada and Irvine, California. Plaintiff sells magic tricks, novelties, souvenirs, books, tapes and videos relating to the field of magic. In addition to operating retail magic stores,

1 Plaintiff sells magic tricks under the Houdini's Magic Shop mark via the Internet at
2 www.houdini.com.

3 Plaintiff owns federal trademark registration for the following: (1) Houdini's Magic Shop,
4 U.S. registration No. 2,258,854, for retail store services featuring equipment for performing
5 magic tricks; (2) Houdini's Magic Shop (and design), U.S. registration No. 2,260,538, for retail
6 store services featuring equipment for performing magic tricks; and (3) Houdini's Magic, U.S.
7 registration No. 2,538,761, for magic tricks.

8 In March 2000, Defendants registered a number of domain names, including
9 houdinimagicshop.com. Defendants linked the houdinimagicshop.com domain name to the
10 commercial website magictricks.com. On March 18, 2000, Defendants allege they wrote
11 Plaintiff a letter offering him the domain name houdinimagicshop.com free of charge. Plaintiff
12 claims that it never received the letter.

13 On October 16, 2003, Plaintiff filed its Complaint asserting the following claims for relief:
14 (1)Trademark Infringement Under 15 U.S.C. §1114;(2) Unfair Competition Under 15 U.S.C.
15 §1125(a);(3) Cybersquatting;(4) State Trademark Infringement Under N.R.S.§ 600.420;(5)
16 Common Law Trademark Infringement;(6) Deceptive Trade Practices Under N.R.S.
17 §598.0903; and (7) Intentional Interference with Prospective Economic Advantage. On
18 November 9, 2003, Defendants cancelled/deactivated the domain name
19 houdinimagicshop.com.

20 On May 2, 2005, Defendants filed a Motion for Summary Judgment. Defendants seek
21 Summary Judgment on Plaintiff's claims for: (1) Common Law Trademark Infringement; (2)
22 Trademark Infringement Under 15 U.S.C. § 1114; (3) Unfair Competition Under 15 U.S.C. §
23 1125(a);(4) Trademark Infringement Under Nev. Rev. Stat. § 600.420; (5) Deceptive Trade
24 Practices Under Nev. Rev. Stat. § 598.0903; and (6) Intentional Interference with Prospective
25 Economic Advantage. Further, Defendants request that this Court reconsider its ruling on
26 Defendants' Motion for Partial Summary Judgment on Plaintiff's Cybersquatting Claim. In
27 ///
28 ///

response, Plaintiff argues that Defendants failed to properly authenticate the evidence in support of their Motion for Summary Judgment and that there are genuine issues of material fact regarding its claims.

## II. ANALYSIS

Federal Rule of Civil Procedure 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P.56(c). Summary judgment is "not warranted if a material issue of fact exists for trial." Ribitzki v. Canmar Reading & Bates, 111 F.3d 658, 661–62 (9th Cir. 1997). A material fact is one that "might affect the outcome of the suit under the governing law . . . ." Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986)). Further, any dispute regarding a material issue of fact must be genuine— the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." Id. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial" and summary judgment is proper. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Finally, "[b]ecause of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena." Entrepreneur Media v. Smith, 279 F.3d 1135, 1140 (9th Cir. 2002) (citing Interstellar Starship Servs., Ltd. v. Epix, Inc., 184 F.3d 1107, 1109 (9th Cir. 1999)). Therefore, in the trademark context, this Court may grant summary judgment "only if no genuine issue exists regarding the likelihood of confusion." Brother Records v. Jardine, 318 F.3d 900, 903 (9th Cir. 2003) (citing Thane Int'l, Inc. v. Trek Bicycle Corp., 305 F.3d 894, 901 (9th Cir. 2002)). Further, this Court should grant summary judgment motions regarding the likelihood of confusion sparingly because such a determination usually requires a full record. Thane, 305 F.3d at 902. "Additionally, the question of likelihood of confusion is routinely submitted for jury determination as a question of fact." Clicks Billairds Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1265 (9th Cir. 2001)

1      In this case, the parties dispute several issues of material fact relating to, but not limited to, Plaintiff's state law claims for Deceptive Trade Practices, Intentional Interference and Plaintiff's Trademark Infringement Claim. Defendants contend that they are entitled to summary judgment, but a reasonable fact finder might conclude that Defendants had the intent to cause confusion by adopting and using marks similar to Plaintiff's mark. Thus, the Court finds there are genuine issues of material fact, and this case should thus proceed to a trial on the merits on all of Plaintiff's claims.

     IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#34) and Defendants' request that this Court reconsider its ruling on Defendants' Motion for Partial Summary Judgment on Plaintiff's Cybersquatting Claim (#34) are DENIED.

     DATED: This 6th day of July, 2006.

                                          BRIAN SANDOVAL
                                          United States District Judge